UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

STARS DESIGN GROUP INC.,           )
                                   )
        Plaintiff,                 )
                                   )
    vs.                            )        Case No. 4:10CV681 JCH
                                   )
GAMESHAPE INTERNATIONAL            )
HOLDING CORPORATION, d/b/a         )
GAMESHAPE INTERNATIONAL,           )
et al.,                            )
                                   )
        Defendants.                )

**ORDER**

This matter is before the Court on Plaintiff's Motion for Default Judgement Against Defendant Larry Jackson ("Motion") (Doc. No. 53) and Memorandum to the Court (Doc. No. 54).[1]

On February 3, 2011, this Court determined that Jackson had submitted to the jurisdiction of this Court. Despite this finding, Jackson has failed to participate meaningfully in this litigation. He did not confer and prepare a joint scheduling order for the Court. (Motion, ¶¶4-10). Likewise, Jackson did not participate in the Rule 16 Scheduling Conference, despite this Court's Order. (Id., ¶¶11-12). Finally, Jackson has not provided Plaintiff with his Rule 26 Disclosures. (Id., ¶15).[2]

Rule 16(f)(1) provides that "[o]n motion ... the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney (A) fails to appear at a scheduling or other pretrial conference; ... or (C) fails to obey a scheduling or other pretrial order." To this end, Fed.R.Civ.P. 37(b)(2)(A)(vi) provides that where a party fails to obey an order to

---

[1]Plaintiff's Memorandum to the Court more properly should be considered a request for attorney's fees.

[2]Jackson, however, has filed his own disjointed and irrelevant pleadings with the Court. (Motion, ¶¶ 14, 16).

provide or permit discovery, the Court may render "a default judgment against the disobedient party."

In addition, Fed.R.Civ.P. 16(f)(2) states that "[i]nstead of or in addition to any other sanction, the

court must order the party, its attorney, or both to pay the reasonable expenses--including attorney's

fees--incurred because of the noncompliance with this rule..."

Thus, pursuant to Fed.R.Civ.P. 16(f)(1), (2) and 37(b)(2)(A)(vi), the Court finds that Jackson

is in default and orders him to pay Plaintiff's attorney's fees associated with preparing the Motion.


**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgement Against

Defendant Larry Jackson (Doc. No. 53) is **GRANTED**.

**IT IS FURTHER ORDERED** Memorandum to the Court (Doc. No. 54) is **GRANTED**.

Defendant Larry Jackson is ordered to pay Plaintiff's attorney's fees in the amount of **$350.00**.


Dated this 20th  day of July, 2011.


/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE